Filed 10/25/24  P. v. Cortes CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASIEL CORTES,<br><br>        Defendant and Appellant. | B330942<br><br>(Los Angeles County<br>Super. Ct. No. BA275162-01) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Charlaine F. Olmedo, Judge.  Affirmed.

        Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jasiel Cortes appeals the denial of his petition for resentencing.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 7, 2006, a jury found Cortes guilty of the second degree murder of Enrique Rivera.  (Pen. Code,[1] § 187, subd. (a).)  The jury also found true the special allegation that Cortes personally used a deadly and dangerous weapon, a bat, in the commission of the crime.  (§ 12022, subd. (b)(1).)  The trial court sentenced Cortes to 15 years to life in state prison.

In 2022, Cortes filed a petition for resentencing under former section 1170.95, subdivision (a), now renumbered as section 1172.6.  The trial court appointed counsel, received briefing, and held a hearing to determine Cortes's prima facie eligibility for relief.  The court denied the petition, finding Cortes had not made a prima facie case for relief because he was convicted of murder as a direct aider and abettor.  The court stated that based on its review of the record of conviction, "[T]he jury was instructed o[n] first degree willful, deliberate, and premeditated murder; first degree felony murder; and second degree murder with actual malice.  The jury was not instructed on natural and probable consequences.  The jury ended up convicting Mr. Cortes of second degree murder.  And, looking at the jury instruction, the jury instruction for second degree murder was based upon [the] theory of liability that was actual malice, and thus, the jury made that determination in convicting Mr. Cortes on that charge.  Therefore, the court finds that Penal Code section 1172.6 is inapplicable here, and that Mr. Cortes is

_____

[1]     Undesignated statutory references are to the Penal Code.

2

not entitled to the relief and has not met his burden of establishing a prima facie case."  Cortes appeals.

For context only, we recite facts and evidence presented at trial from our opinion affirming Cortes's conviction.  (*People v. Cortes* (Mar. 25, 2008, B194418) [nonpub. opn.].)  On November 14, 2004, three men set upon Rivera as he walked home and beat him to death with blunt instruments.  (*Ibid*.)  Each assailant carried a weapon: Cortes a bat, Uriel Orta a golf club, and Francisco Olvera a metal pipe.  (*Ibid*.)

A witness saw the men hitting something with their weapons and then running away.  (*People v. Cortes*, *supra*, B194418.)  Cortes told police Orta approached Rivera and exchanged words with him.  (*Ibid*.)  Cortes admitted hitting Rivera once on the back or the neck with the bat, causing Rivera to fall, but said he (Cortes) then told the others they should leave and walked away himself.  (*Ibid*.)  Olvera testified Cortes hit Rivera in the back of the head with a bat after Rivera resisted Cortes's attempt to take Rivera's bag.  (*Ibid*.)  Rivera fell to his knees, and Cortes hit him in the back two or three times.  (*Ibid*.)  Then, while Cortes stood nearby, Orta hit Rivera in the back of the head three times with the golf club.  (*Ibid*.)

According to a Los Angeles County medical examiner, Rivera was killed by blunt force trauma most likely caused by two different objects that could have been a bat and a golf club.  (*People v. Cortes*, *supra*, B194418.)  A forensic pathologist testifying for the defense testified that based on her review of the autopsy report, she believed a bat swung with moderate force inflicted non-fatal injuries to Rivera's back, while the fatal blows to his head were most likely caused by a golf club.  (*Ibid*.)

After the close of evidence, the trial court instructed Cortes's jury on first degree willful, deliberate, and premeditated murder, first degree felony murder, second degree murder, and voluntary manslaughter.[2] The jury was not instructed on the natural and probable consequences doctrine. The trial court instructed the jury on felony murder in conjunction with the first degree murder charge only.

With respect to aiding and abetting, the jury was instructed with CALJIC former No. 3.00: "Persons who are involved in committing a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation, is equally guilty. Principals include: [¶] 1. Those who directly and actively commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission of the crime." The court also instructed the jury with CALJIC former No. 3.01, which provided, "A person aids and abets the commission of a crime when he or she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) By act or advice aids, promotes, encourages or instigates the commission of the crime."

The jury convicted Cortes of second degree murder.

---

[2]    We grant Cortes's request that we take judicial notice of the jury instructions, verdict form, and abstracts of judgment from his prior appeal, case No. B194418. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

4

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189. (Stats. 2018, ch. 1015, § 2, 3; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

Senate Bill 1437 also created former section 1170.95 (now codified as section 1172.6), which set out a procedure by which defendants convicted of murder under prior law may petition for resentencing in the trial court if they believe they could not be convicted of that crime after the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.) Petitions under section 1172.6 address convictions where a defendant was not the killer but was held vicariously liable on one of several theories of liability identified in the statute. (*Lewis, supra*, 11 Cal.5th at pp. 957, 967.)

Once a petition is filed, after appointment of counsel and briefing, the trial court assesses whether petitioner has made a prima facie case for relief. The prima facie inquiry is limited: The court, accepting the petition's factual allegations as true, makes a " ' "preliminary assessment" ' " whether the petitioner would be entitled to relief if those allegations were proven. (*Lewis, supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case, the trial court is entitled to review the record of conviction, which includes the jury summations, jury

5

instructions, verdict forms, and prior appellate opinions.  (*Id*. at pp. 971–972; *People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).)  Although appellate opinions are generally considered part of the record of conviction, the prima facie bar was intentionally set very low and the probative value of an appellate opinion is case-specific: a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Lewis*, at p. 972.)

If the record establishes ineligibility for resentencing as a matter of law, the petition is properly denied at the prima facie stage.  (*Lewis, supra*, 11 Cal.5th at pp. 970–972.)  However, the petition and record must establish conclusively that the defendant is ineligible for relief.  (*Lopez, supra*, 78 Cal.App.5th at p. 14.)  When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (*Ibid*.)

Cortes acknowledges the jury was not instructed on the natural and probable consequences doctrine, nor was it instructed with CALJIC No. 8.31, which set forth the elements required to find a defendant guilty of second degree murder on an implied malice theory.  He argues, however, that CALJIC former No. 3.00's language that principals in the commission of a crime are "equally guilty," when read in conjunction with the causation, robbery, and unpremeditated second degree murder instructions, allowed the jury to find him guilty of murder by imputing the express malice of the other two assailants to him, thereby permitting him to be convicted of second degree murder as an aider and abettor without finding that he personally harbored malice.

This claim fails to establish that Cortes "could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019" by Senate Bill 1437. (§ 1172.6, subd. (a)(3), italics added.) The law in effect at the time of Cortes's trial required that an aider and abettor to a murder must personally have malice: The California Supreme Court held in 2001, years before Cortes's 2006 trial, that a direct perpetrator's mental state could *not* be imputed to an aider and abettor: a direct aider and abettor of murder must at a minimum "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118 (*McCoy*); see also *ibid.* ["outside of the natural and probable consequences doctrine, an aider and abettor's mental state must be at least that required of the direct perpetrator"].) This principle was not changed by the amendments to sections 188 and 189. (*People v. Burns* (2023) 95 Cal.App.5th 862, 865 (*Burns*).) Consistent with this law, the jury was instructed with CALJIC former No. 3.01 that to aid and abet another person in a crime, a defendant had to know of the perpetrator's unlawful purpose and also have the intent or purpose to commit, encourage, or facilitate the commission of the crime.

"The problem with the 'equally guilty' language . . . was not that it permitted the jury to rely on a *now*-invalid theory of criminal liability, but that it may have misled the jury as to what was *then* required to convict [Cortes]. Use of the 'equally guilty' language in the instruction provided at [Cortes's] trial created a potential issue of instructional error, but it did not operate to offer the jury a theory of legal liability that can no longer support a conviction for murder as a result of the recent statutory changes." (*Burns*, *supra*, 95 Cal.App.5th at pp. 868–869.) Cortes,

7

therefore, cannot satisfy section 1172.6, subdivision (a)(3)'s requirement that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Cortes argues, however, that his argument is broader than that raised in *Burns*, because he alleges CALJIC former No. 3.00 could have interacted with the jury instruction for robbery to permit a murder conviction based on malice imputed from his participation in a robbery. This distinction does not change the fact that at the time of Cortes's trial, California law already precluded the imputation of a direct perpetrator's mental state to an aider and abettor. (*McCoy*, *supra*, 25 Cal.4th at p. 1118.) If Cortes believed CALJIC former No. 3.00, alone or in conjunction with other jury instructions, permitted the jury, in violation of *McCoy*, to impermissibly convict him of murder as an aider and abettor without sharing the perpetrators' intent to kill, he could have raised that claim in the trial court or on direct appeal. "Section 1172.6 does not create a right to a second appeal, and [a petitioner] cannot use it to resurrect a claim that should have been raised in his . . . direct appeal." (*Burns*, *supra*, 95 Cal.App.5th at p. 865.)

Cortes also attempts to avoid *Burns* by arguing the law was not settled in this area at the time of his trial and appeal. We disagree. *McCoy* was decided in 2001, and Cortes was tried in 2006. The Court of Appeal decisions in *People v. Samaniego* (2009) 172 Cal.App.4th 1148 and *People v. Nero* (2010) 181 Cal.App.4th 504, upon which Cortes relies, may not have been decided at the time of Cortes's trial and direct appeal, but these later cases criticizing the CALJIC and CALCRIM "equally guilty" language were based on and expanded upon the key

8

principle, set forth by the Supreme Court in the earlier *McCoy* decision, to wit, that aider and abettor liability is based on the aider and abettor's own mens rea. (See *Samaniego*, at pp. 1163–1166; *Nero*, at pp. 513–516; *McCoy*, *supra*, 25 Cal.4th at p. 1120.) That principle was unchanged by Section 1437.

Section 1172.6, subdivision (a)(3)'s "because of changes" language requires "that the 2019 changes supply a basis for the claim." (*People v. Strong* (2022) 13 Cal.5th 698, 712.) As Cortes's claims are not based on the 2019 amendments to sections 188 and 189, his "record of conviction conclusively establishes that [he] was convicted on a theory not affected by Senate Bill No. 1437" (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931), and the trial court did not err when it denied his petition at the prima facie stage.

## DISPOSITION

The order denying Cortes's section 1172.6 resentencing petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.          VIRAMONTES, J.

9